James H. Seymour  SBC No. 048651
706 Cowper Street
Palo Alto, California  94301
Telephone:  (650) 323-7226
Counsel for Appellant
Jennifer M. Moore

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | No. 07-03716 MMC |
| ) | Appeal from USBC (N.D. Cal.) No.  07-30030  TEC  7 |
| RICHARD L. HATFIELD, ) | |
| ) | **MEMORANDUM OF JENNIFER M. MOORE RE STATUS OF APPEAL AND CHANGED CIRCUMSTANCES** |
| Alleged Debtor. ) | |
| _____ ) | |
| JENNIFER M. MOORE, ) | |
| Appellant, ) | |
| vs. ) | |
| RICHARD L. HATFIELD, FIRST TRUST CORPORATION FBO RICHARD L. SPEES FIRST TRUST CORPORATION FBO J.D. ERICKSON, and GEORGE RNJAK, ) | |
| Appellees. ) | |
| _____ ) | |

**Status**

No respondent's brief has been filed in this appeal from the dismissal of the bankruptcy of Alliance Financial Capital Holdings, Inc. (AFCH), nor in the related case of the appeal from the dismissal of the bankruptcy of Richard Hatfield (Hatfield).

The dismissals were entered on the request of a limited number of creditors who had "settled" for payment of $2 million to them and others who are not even party to the "settlement." Hatfield Record on Appeal (ROA), Doc. 13, Ex. A at p. 3, C¶¶2 and 4 and p. 6, ¶C7, and AFCH Record on Appeal (ROA), Doc. 12, Ex. A at p. 3, C¶¶2 and 4 and at p. 6, ¶C7; Reporter's Transcript on Appeal of Hearing 22 June 2007 (RT), 22:4-26:2.

Subsequent to the entry of the order dismissing both bankruptcies, the $2 million was not paid as required on 10 July (Hatfield Record on Appeal (ROA), Doc. 13, Ex. A at p. 3, C¶2; AFCH Record on Appeal (ROA), Doc. 12, Ex. A at p. 3 C¶2; and RT, 24:12-13.) and it has not been paid. *Declaration of James H. Seymour* (Seymour Dec.), *

In other words, the basis of the dismissals – the "settlement" – has failed.

**Changed Circumstances and Further Action in the Bankruptcy Court**

At the hearing of the motion to dismiss the bankruptcies of Hatfield and ATCH, Moore brought to the attention of the bankruptcy court the contingencies affecting the "settlement" on which the motion to dismiss was predicated. With respect to the possible failure of these contingencies to occur, the bankruptcy court responded:

"We'll deal with it then [when the failure of a contingency occurs]." RT, 25:14.

The procedure when circumstances have changed is to ask the trial court (bankruptcy court) whether it would entertain or grant a rule 60(b)(2) motion, and if the answer is in the affirmative, move the appellate court (this Court) to remand. *Gould vs. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 772 (9th Cir. 1986) quoting *Scott vs. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984).

1 | Moore will file a motion this week pursuant to Rule 60(b)[1] to review and vacate the order dismissing the Hatfield and AFCH bankruptcies on the basis of the newly discovered evidence – the failure of a contingency on which the "settlement" was based – *i.e.*, the non-payment of the $2 million on which the dismissals were based.

The Court is respectfully requested to defer any consideration of the pending appeals until the bankruptcy court acts on Moore's rule 60(b)(2) motion. A copy of the motion will be provided to the Court when it is filed with the bankruptcy court.

                    Respectfully submitted,

                    JAMES H. SEYMOUR

Dated: 19 November 2007            */s/ James H. Seymour*
                                    James H. Seymour
                                    Counsel for Appellant Jennifer M. Moore

---

[1] Rule 60(b), F. R. Civ. P., is applicable in bankruptcy pursuant to Bankruptcy Rule 9024.