IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | No. C-07-3715 MMC |
| RICHARD L. HATFIELD, | No. C-07-3716 MMC |
| Debtor / | **ORDER AFFIRMING DECISION OF BANKRUPTCY COURT** |
| In re | |
| ALLIANCE FINANCIAL CAPITAL HOLDINGS, INC., | |
| Debtor / | |

Appellant Jennifer M. Moore's ("Moore") has filed a notice of appeal in each of the above-titled actions; by each such notice she appeals the decision, issued June 26, 2007 by the United States Bankruptcy Court, Northern District of California, to dismiss the underlying bankruptcy actions pursuant to settlement.[1]

//

---

[1] Although separately filed, the two underlying bankruptcy actions were related by the Bankruptcy Court on January 11, 2007, (see Record on Appeal from Dismissal of Involuntary Petition in Case No. 07-30031 ("Hatfield ROA") Doc. 2), and proceedings were conducted jointly, (see, e.g., id. Doc. 12 (Order continuing status conference with respect to both actions)).

Before the Court are Moore's briefs in support of her notices of appeal. Appellees First Trust Corporation fbo Richard L. Spees, First Trust Corporation fbo J.D. Erickson, and George Rnjak (collectively, "Petitioners"), have filed a notice of non-participation in each case. Neither appellee/debtor Richard L. Hatfield ("Hatfield"), nor appellee/debtor Alliance Financial Capital Holdings, Inc. ("AFCH"), has filed a response.

## BACKGROUND

Moore and Hatfield lived together for approximately thirteen years, during which time they founded and operated Alliance Financial Capital, Inc. ("AFC"), a factoring business.[2] (See Hatfield ROA Doc. 3 ¶ 4.) Moore and Hatfield separated in 2001, and, in subsequent proceedings regarding the division of their property, the state court determined Moore and Hatfield owned equally the property accumulated while they were together, including AFC. (See id.) Petitioners are holders of promissory notes issued by AFCH. (See id. Doc.13 Cooper Decl. ¶ 1.)

On January 8, 2007, Petitioners filed an involuntary petition for bankruptcy against Hatfield, (see Hatfield ROA Doc. 1), and a separate involuntary petition against AFCH, (see Record on Appeal from Dismissal of Involuntary Petition in Case No. 07-30030 ("Alliance ROA") Doc. 1); each of said petitions was filed pursuant to Chapter 7 of the Bankruptcy Code. As noted, the two bankruptcy actions were related by the Bankruptcy Court on January 11, 2007. (See Hatfield ROA Doc. 2.) On February 1, 2007, Hatfield filed an answer to the involuntary petition, (see id. Doc. 4); AFCH did not file an answer, (see Alliance ROA Doc. 21). On February 2, 2007, the Bankruptcy Court suspended the bankruptcy proceedings, pursuant to 11 U.S.C. § 305 ("§ 305"), "to permit settlement

//
//
//

---

[2] "Factoring involves the buying of accounts receivable at a discount and then attempting to collect on these accounts." U.S. v. Jordan, 49 F.3d 152, 154 n.1 (5th Cir. 1995).

2

efforts in the state court to continue." (See id. Doc. 5 at 2:1-2.)[3]

Thereafter, on May 25, 2007, Petitioners filed a motion to dismiss the two bankruptcy petitions, based on a settlement between "the Alleged Debtors [Hatfield and AFCH], affiliates of AFCH, the Petitioning Creditors and other similarly situated creditors," which settlement had been approved in an oral order made by the state court on May 11, 2007.[4] (See id. Doc. 13 at 1-2.) On May 31, 2007, the state court issued a written order determining the settlement to be in good faith. (See id. Doc. 18 Ex. D.) Moore participated in the state court proceedings and asserted therein claims against Hatfield and others, including claims on behalf of AFCH and other corporate entities, but was not a party to the settlement. In determining the settlement to be in good faith, the state court dismissed Moore's "derivative" claims asserted on behalf of AFCH and other corporate entities. (See id.)

On June 22, 2007, the Bankruptcy Court conducted a hearing on Petitioners' motion to dismiss. (See id. Doc. 32.) The Bankruptcy Court granted the motion, and, in so doing, found the notice of the motion was sufficient, (see id. at 22:6-13), that the creditors and

---

[3] On January 29, 2007, in Bankruptcy Case No. 07-30031, Moore removed four state court actions to the Bankruptcy Court. (See Hatfield ROA No. 3 (Adversary No. 07-3011).) The first of said actions was filed August 21, 2003 by Moore against Hatfield; the second action was filed December 15, 2004 by Moore against Hatfield and AFCH, among others; the third action was filed January 26, 2005 by AFC against Moore and her counsel; and the fourth action was filed December 17, 2001 by Moore against Hatfield. (See id. at 2:21-3:7.)

Also on January 29, 2007, Moore removed two state court actions in Bankruptcy Case No. 07-30030. (See Alliance ROA No. 3 (Adversary No. 07-3010).) The first of said actions was filed October 12, 2005 by Moore against Hatfield, AFCH, and approximately seventy other defendants, and the second action was filed April 13, 2006 by Jacqueline Jackson, a creditor of Hatfield and AFCH, against AFC, AFCH, and Hatfield. (See id. at 4:4-18.)

By March 13, 2007, the Bankruptcy Court had remanded all of the above-referenced state court actions. (See Hatfield ROA No. 11 at 2:3-5 (noting remand of adversary proceedings 07-3010 and 07-3011 by separate order).) The order of remand is not the subject of the instant appeals.

[4] One day later, on May 26, 2007, Moore filed a motion to terminate the suspension of the Hatfield bankruptcy case and noticed her motion for hearing on the same date as Petitioners' motion to dismiss. Moore's motion is directed exclusively to her dissatisfaction with the terms of the settlement, (see id. Doc. 15), and the Bankruptcy Court appears to have considered Moore's motion concurrently with, and as an opposition to, Petitioners' motion to dismiss.

1  debtors were better served by the settlement, (see id. at 22:14-19, 23:3-7), and that "the
2  interests of the parties are better served . . . with allowing these matters to . . . be resolved
3  in state court," (see id. at 23:22-24). The Bankruptcy Court also noted:

> That Ms. Moore doesn't receive any payment under the settlement of AFCH does not suggest that settlement is not the best approach, because the settlement deals with creditors of that alleged debtor. Her real interest, if any, is in the nature of an equityholder, which is, of course, subordinate to creditors.

(See id. at 22:20-25.) The Bankruptcy Court's oral rulings were memorialized in a written order issued June 26, 2007, wherein the Bankruptcy Court granted the motion and dismissed each of the petitions pursuant to § 305(a)(1). (See id. Doc. 27).

On July 19, 2007, Moore filed notices of appeal with respect to the dismissal of each of the bankruptcy petitions.

**LEGAL STANDARD**

A final order of a bankruptcy court is appealable to a district court. See 28 U.S.C. § 158(a)(1). In reviewing a final order of a bankruptcy court, a district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo. See Diamant v. Kasparian (In re Southern Cal. Plastics, Inc.), 165 F.3d 1243, 1245 (9th Cir. 1999). Because dismissal under § 305 is discretionary, the bankruptcy court's decision to dismiss under § 305 should be reversed only upon an abuse of discretion. See In re Bailey's Beauticians Supply Co., 671 F.2d 1063, 1067 (7th Cir. 1982).

**DISCUSSION**

Moore contends dismissal under § 305 was improper because the settlement on which the dismissal was based did not treat equally Moore's interests with those of other creditors, notice of the hearing on the motion to dismiss was inadequate, and the settlement was contingent on the occurrence of future events, including the payment of settlement funds. Additionally, with respect to AFCH, Moore asserts the Bankruptcy Court should have entered a default based on AFCH's failure to submit a timely response to the petition.

Section 305, titled "Abstention," permits the court, "after notice and a hearing," to

dismiss or suspend proceedings in an action "at any time if . . . the interests of creditors and the debtor would be better served by such dismissal or suspension." See 11 U.S.C. § 305(a). "Whether to dismiss or suspend under section 305(a)(1) is . . . a discretionary decision to be made on a case-by-case basis." In re International Zinc Coatings & Chemical Corp., 355 B.R. 76, 82 (Bankr. N.D. Ill. 2006). Because abstention is "an extraordinary remedy," see In re Eastman, 188 B.R. 621, 624 (9th Cir. BAP 1995), "dismissal is appropriate under § 305(a)(1) only in the situation where the court finds that both creditors and the debtor would be better served by a dismissal," see id. (internal quotation and citation omitted).

Moore first contends dismissal was not in her interest, as a creditor of Hatfield, (see Opening Brief at 8:27-28), because she was not a party to the underlying settlement, and would not receive payment, whereas other creditors, parties to the settlement, would receive payment. Even assuming Moore were a creditor of Hatfield, Moore's argument is unavailing. Dismissal under § 305 is appropriate "where the petitioning [creditor is] attempting to use the Bankruptcy Court as an alternative to proceeding with pending State Court litigation to resolve what is essentially a two-party dispute." See In re Kass, 114 B.R. 308, 309 (Bankr. S.D. Fla. 1990). Here, the Bankruptcy Court found the Hatfield bankruptcy case was "in the nature of a two-party dispute between [ ] Hatfield and his former spouse-like person" and that such dispute was "best dealt with in the ongoing state court action." (See Hatfield ROA Doc. 32 at 23:8-13.); see also In re Kass, 114 B.R. at 309 (holding dismissal under § 305 should be granted "where the Court finds that the petitioning creditors have adequate State law remedies") (citation omitted)).[5]

Moore's second argument, that notice of the dismissal hearing was inadequate, likewise is unpersuasive. On May 25, 2007, Petitioners' filed a "Notice of Hearing on Motion to Dismiss Involuntary Petitions on Consent of Petitioning Creditors and Debtors,"

---

[5] To the extent Moore suggests dismissal was not in her interest as a general creditor of AFHC, Moore's premise is faulty. Moore's claims against AFHC were not those of a creditor; rather, as the Bankruptcy Court recognized, Moore's interest was "in the nature of an equityholder." (See Hatfield ROA Doc. 32 at 22:23-25.)

5

1  wherein petitioners noticed their motion to dismiss for hearing on June 22, 2007.  (See
2  Hatfield ROA Doc. 14.)  Petitioners served such notice, along with the motion and
3  supporting declarations, on Moore's counsel, as well as on counsel for Hatfield and AFCH,
4  counsel for eight other individuals or entities, approximately twenty-five unrepresented
5  creditors, and the United States Trustee.  (See id.)  The Bankruptcy Court found service
6  had been effectuated "on everybody who has shown any interest in this case."  (See id.
7  Doc. 32 at 22:11-12.)  Moore does not assert she was prejudiced in any way by the manner
8  in which the hearing was noticed, nor that any particular interested party failed to receive
9  notice.  Under the circumstances presented, notice of the dismissal hearing was sufficient.
10  See, e.g., Buffington v. First Service Corp., 672 F.2d 678, 689-90 (8th Cir. 1982) (holding,
11  where "interested persons" received notice, such notification satisfied notice requirement of
12  § 305(a)(1)).
13         Moore next argues that the Bankruptcy Court should not have dismissed the petition
14  because the settlement agreement was conditioned on payment of settlement funds and/or
15  other future occurrences.  Again, Moore's argument is unpersuasive.  In the event the
16  settlement agreement is breached, the injured party can seek recourse for such breach of
17  contract in the appropriate forum.  See Hinduja v. Arco Products Co., 102 F.3d 987, 989-90
18  (9th Cir. 1996) (holding both state and federal court had jurisdiction to enforce settlement
19  agreement upon which bankruptcy dismissal was based); see also In re Valdez Fisheries
20  Dev. Ass'n, Inc., 439 F.3d 545, 549 (9th Cir. 2006) (holding, absent explicit retention of
21  jurisdiction over settlement by bankruptcy court or court's incorporation of settlement terms
22  in order of dismissal, "enforcement of the settlement agreement is for state courts").
23         Lastly, relying on § 303(h) and In re Key, 209 B.R. 737, 739 (10th Cir. BAP 1997),
24  Moore argues that the Bankruptcy Court was required to enter an order for relief against
25  AFCH, based on its failure to submit a timely response to the petition.  Section 303(h)
26  provides: "If the petition is not timely controverted, the court shall order relief against the
27  debtor in an involuntary case under the chapter under which the petition was filed."  See 11
28  U.S.C. § 303(h).  Despite such statute's use of what appears to be mandatory language,

6

however, the Court is not persuaded that the Bankruptcy Court automatically loses the authority to take any action other than entry of an order for relief.  In particular, the Court notes that a debtor's failure to file a timely response is also addressed by Rule 1013 of the Federal Rules of Bankruptcy Procedure, which uses language similar to that of § 303(h).  See Fed.R.Bankr.P. 1013(b) ("If no pleading or other defense to a petition is filed within the time provided by Rule 1011, the court, on the next day, or as soon thereafter as practicable, shall enter an order for the relief requested in the petition.")).[6]  The Advisory Committee Notes thereto nonetheless envision instances in which an order for relief will not be issued.  See id. Advisory Committee Notes ("If an order for relief is not entered on default, dismissal will ordinarily be appropriate but the court may postpone definitive action."); see also 2 Collier on Bankruptcy ¶ 303.10[3] (Lawrence P. King ed., 15th ed. rev. 1997) (discussing § 303(h) and Rule 1013(b); noting if answer not timely filed, answering party "may be estopped from contesting the involuntary petition at a later date") (emphasis added).  Indeed, the case on which Moore relies does not foreclose all possibility of the Court's taking action other than an order for relief.  See In re Key, 209 B.R. at 739 (noting bankruptcy court "ha[d] never acted on the [debtor's] untimely motion for leave to answer out of time").  Accordingly, the Court finds the Bankruptcy Court was not required to enter an order for relief against AFCH, particularly where, as here, the petitioning creditors did not seek such an order.

## CONCLUSION

For the reasons stated above, the decision of the Bankruptcy Court is hereby AFFIRMED.

**IT IS SO ORDERED.**

Dated: March 31, 2008

MAXINE M. CHESNEY
United States District Judge

---

[6] Rule 1011 requires "defenses and objections to the petition" to be "filed and served within 20 days after service of the summons."  See Fed.R.Bankr.P. 1011(b).  The one exception to such rule is not applicable here.  See id.

7